## Kenneth L. EVANS,
### John R. Gardner, Carl Sheedy,
### Alva D. Conlee, Jessie V. McKay
### and Frank R. Beaver,
*Petitioners,*

*v.*

## WATER RESOURCES DEPARTMENT,
### Ansel J. Krutsinger, Teresa L. Krutsinger,
### Frederick Gardner, Vyvyan Gardner,
### Danny Ellison, Janice Ellison,
### Mr. Donald Merrell and Mrs. Donald Merrell,
*Respondents.*

### (PC 87-10; CA A69124)

839 P2d 257

Roy Kilpatrick, Mt. Vernon, argued the cause for petitioners. With him on the briefs was Kilpatricks, Mt. Vernon.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondent Water Resources Department. With

him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Gregory P. Lynch, Bend, argued the cause for respondents Ansel J. Krutsinger, Teresa L. Krutsinger, Frederick Gardner, Vyvyan Gardner, Danny Ellison, Janice Ellison, Mr. Donald Merrell and Mrs. Donald Merrell. With him on the brief was Gray, Fancher, Holmes, Hurley, Bryant & Lovlien, Bend.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

Petitioners seek review of an order of the director of the Water Resources Department denying petitioners' request that a water right of the individual respondents[1] be canceled for nonuse. ORS 540.610. The director had withdrawn an earlier order that had cancelled the right. Petitioners challenge the evidentiary support for the director's findings and assert that the first order was correct. We conclude that all of the findings, many of which turn on credibility determinations, were supported by substantial evidence in the whole record. We also conclude that petitioner's arguments that rely on the withdrawn order are misplaced, because it is a nullity.

The only assignment that requires more extensive discussion is the third, in which petitioners assert that the director erred by considering as evidence of use certain diversions of water that were part of respondents' right but which were used for mining purposes before flowing into an adjacent ditch and being used to irrigate respondents' land. Petitioners rely on *Hill v. American Land & Livestock Co.*, 82 Or 202, 161 P 403 (1916), to contend that what they regard as waste water from the mining operations cannot be considered as a use of water under respondents' right.

The director found, however:

"[W]hether [respondents] or their predecessors diverted water from Little Pine Creek without any intervening use by mining interests, or whether the miners were allowed to use the diversion and waters from Little Pine Creek prior to said waters reaching the lands in question, the fact is * * * water was diverted from the southerly point of diversion and beneficially used on the lands in question. * * * Whether the diversion was accomplished by the land owners or by the miners with the owners' permission, the facts of diversion and source were known, and the water deliberately put to beneficial use."

Insofar as petitioners' argument is that that finding is not supported by substantial evidence, we disagree. Insofar as the argument is that, as a matter of law, the water was

---

[1] The term "respondents" in this opinion refers to the individual respondents and to their predecessors who had interests in the water right.

waste water and cannot be considered to have been a use of the right, we also disagree. The water was not waste; whatever detours it might have taken, it was appropriated water that was subject to respondents' water right and that was used to benefit the land described in the water right.

Affirmed.